MORRIS, APPELLANT, *v.* LUCAS COUNTY CHILDREN SERVICES BOARD, APPELLEE.

(No. L-88-403—Decided May 15, 1989.)

*Susan M. Valade,* for appellant.
*Cynthia Shuler,* for appellee.

GLASSER, J. This cause is before the court on motion of the parties. Susan M. Valade (counsel for appellant, Pamela Morris), after filing a "no merit brief" pursuant to *Anders* v. *California* (1967), 386 U.S. 738, has moved this court to withdraw as counsel. Appellee, Lucas County

Children Services Board ("board") has moved for an immediate affirmation of the trial court's decision or, in the alternative, a motion to dismiss the present appeal.

Although apparently a case of first impression in Ohio, other states have recognized that the procedures enunciated in *Anders, supra,* are applicable to appeals involving the termination of parental rights. *In re McQueen* (1986), 145 Ill. App. 3d 148, 495 N.E. 2d 128; *In the Interest of J.R.W.* (Feb. 8, 1989), Wis. App. No. 88-0805-NM, unreported, but, see, 149 Wis. 2d 399, 439 N.W. 2d 644. The procedure to be followed when appointed counsel cannot find any merit in his or her client's appeal was set forth in *Anders, supra,* at 744, as cited by *Freels* v. *Hills* (C.A. 6, 1988), 843 F. 2d 958, 961, as follows:

"* * * If counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

In the present case, Valade has filed the appropriate brief with this court, as required under *Anders* and *Freels.* Further, Valade has certified that she has mailed a copy of her brief to her client, Pamela Morris.

However, this court *sua sponte* notes that Pamela Morris, a mentally retarded adult, was appointed a guardian ad litem for the proceedings held in the trial court. In order to fulfill the *Freels* requirement that Morris, herself, now be given an opportunity to raise error, it is only appropriate that this court appoint Morris a guardian ad litem for purpose of this appeal. Accordingly, attorney Carol Damrauer, 1037 Spitzer Building, Toledo, Ohio, 43604, is appointed guardian ad litem for purpose of this appeal. Damrauer shall have twenty-one days from the date of this decision to file a brief raising any points that should be brought to this court's attention if the guardian ad litem finds such brief to be appropriate under *Anders* and *Freels.*

In light of the procedure enunciated in *Freels,* we find the board's motion for immediate affirmance or, in the alternative, dismissal of the instant appeal to be premature. *Freels* mandates that this court examine the trial court proceedings in order to make an independent determination as to whether the appeal is with or without merit. Accordingly, the board's motion is not well-taken and is denied.

Further, this court will delay ruling on Valade's motion to withdraw as counsel until we have made a full examination of the trial court proceedings.

It is so ordered.

*Motion denied.*

HANDWORK, P.J., and CONNORS, J., concur.