DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which terminated parental rights for a newborn and granted permanent custody to a county children services board. Because we conclude that the child's mother and father knowingly, intelligently and voluntarily waived their trial rights and stipulated to the statutory factual findings upon which termination was properly based, we affirm.
On August 23, 1998, when Starr J. was born to appellant mother, Lynda J., appellee Lucas County Children Services Board sought temporary custody of the child and an a adjudication of dependancy and/or neglect. Appellant mother had a ten year history of cocaine abuse. Only a short time before, two older children were permanently removed from appellant mother's custody. Appellant father, Edward H., demonstrated a pattern of domestic violence.
Notwithstanding appellant's past behaviors, appellee initiated a case plan with the stated goal of reuniting Starr with her parents. Appellant mother was to obtain drug treatment; appellant father was to under go domestic violence therapy. At the outset, both appellants complied with the case plan. Indeed, both completed the programs to which they were assigned.
However, after completion of these programs, appellant mother reported to her caseworker that domestic violence remained an issue. Moreover, appellant mother herself relapsed into drug use, "disappearing" for several weeks and eventually testing positive for cocaine use. Discovering this, appellee amended its case plan and, on August 17, 1999, requested that the court grant it permanent custody of Starr.
On July 20, 2000, the court began proceedings on appellee's permanent custody motion. For various reasons, the matter was delayed until September, at which point both appellants on the record and in open court waived their trial rights. The parties also stipulated that Starr could not now, nor within a reasonable time, be reunited with them and that it was in Starr's best interest that permanent custody be awarded to appellee.
The trial court accepted the stipulations and adopted them as findings. The court further found that appellee had made reasonable efforts to remedy the problems which resulted in the child's removal from the home. On these findings, the court ordered appellants' parental rights terminated and awarded permanent custody of Starr to appellee.
From this order, appellants now bring this appeal.
Appellants' counsel has filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, and Morris v. Lucas County Children Services Board
(1989), 49 Ohio App.3d 86. In an accompanying affidavit, appellants' counsel avers that he has carefully reviewed the record in this matter and has been unable to ascertain any arguable issues for appeal. Accompanying counsel's affidavit is a motion to withdraw as counsel. Although advised of the opportunity to independently brief the issues, appellants have not filed separate briefs.
Pursuant to Anders, counsel has set forth and discussed the following single issue which might possibly serve as the basis of appeal:
 "THE TRIAL COURT'S FINDINGS THAT PERMANENT CUSTODY IS APPROPRIATE IN THIS MATTER AND THAT LUCAS COUNTY CHILDREN SERVICES MADE REASONABLE EFFORTS TO PREVENT PERMANENT REMOVAL OF THE CHILD ARE NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
There is nothing in the record to suggest that the counseled stipulations that appellants made on the record and in open court were not knowing, intelligent and voluntary. Moreover, the trial court carefully explained the consequences of these stipulations and the various rights waived when entering into such stipulations. On the record, appellants waived these rights. Consequently, appellants' counsel properly chose to forgo any argument with respect to the findings based on these stipulations.
The effect of these stipulations was the equivalent of an admission to the required findings of R.C. 2151.414(B)(1) and (E). In this context, a finding that R.C. 2151.414(E) is satisfied necessarily encompasses a finding that appellee made reasonable and diligent efforts to assist the parents to remedy the problems which caused the child to be placed outside the home. Therefore, the trial court's separate finding to that effect was essentially superfluous. This forecloses any attack on that element. Consequently, appellate counsel is correct when he concludes this possible issue is wholly without merit.
In addition to considering the proposed possible error raised by appellate counsel, we have performed a complete review of the record in this matter and have failed to find any prejudicial error or infringement of appellant's constitutional rights in the proceeding before the trial court. Therefore, we conclude that this case presents no arguable issues meriting review and that this appeal is without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellants are ordered to pay court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., James R. Sherck, J, CONCUR.