DECISION AND JOURNAL ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating a mother's parental rights and granting permanent custody of a child to a children's services agency.
 {¶ 2} Terrence-Jamieson S. was first removed from his parents' custody in December 2003, on a dependency-neglect complaint by appellee, the Lucas County Children Services Board. At the time he was two years old.
 {¶ 3} Appellee's complaint alleged that both parents were drug and substance abusers, had mental health issues-with psychotic features, and are in a relationship repeatedly marked by domestic violence. With respect to Terrence's mother who is appellant herein, appellee also alleged that she had previously lost custody of five other children in Michigan.
 {¶ 4} Following a February 2004 hearing on appellee's complaint, Terrence was adjudicated neglected and dependent, with temporary custody awarded to appellee. Although appellee's original case plan sought reunification of the family, in September 2004 appellee moved for permanent custody. At the time, appellant was in jail on a probation violation from a driving while intoxicated conviction.
 {¶ 5} For reasons not entirely clear to us, see In reTerrence-Jamieson S., 162 Ohio App.3d 229, 237, 2005-Ohio-3600, ¶ 91, appellee's permanent custody motion was referred to a mediator, the result of which was the father's consent to termination of his parental rights and appellant's apparent consent. At a hearing to enter her consent, however, appellant wavered. Nevertheless, following a lengthy colloquy during which appellant repeatedly vacillated, the court accepted her purported consent to appellee's permanent custody of Terrence and granted the motion.
 {¶ 6} On appeal, appellant argued that her consent to the motion had not been voluntary. On examination of the record, we agreed, id., ¶ 92-93, reversed the trial court's judgment and remanded the matter for further proceedings. Id., ¶ 95. On remand the matter went to trial, following which the trial court found that Terrence cannot and should not be returned to appellant within a reasonable time and that it would not be in his best interest to be reunited with his family. With this, the trial court terminated appellant's parental rights and granted permanent custody of Terrence to appellee.
 {¶ 7} From this judgment, appellant now brings this appeal.
 {¶ 8} Appointed counsel for appellant has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, and Morris v. Lucas Cty.Children Serv. Bd. (1989), 49 Ohio App.3d 86, 87, in which he states that he has thoroughly reviewed the record in this matter and has failed to ascertain any arguably meritorious issues for appeal. As a result, counsel seeks leave to withdraw. In conformity with Anders, counsel has filed a brief indicating potential, but in his estimation, unarguable assignments of error. Counsel has submitted a copy of his brief to appellant and advised her of her right to submit her own brief in this matter. Appellant has failed to file her own brief.
 {¶ 9} Counsel sets forth the following four potential assignments of error:
 {¶ 10} "1. Appellant was denied effective assistance of counsel
 {¶ 11} "2. The trial court's granting of LCCSB's motion for permanent custody was against the manifest weight of evidence
 {¶ 12} "3. LCCSB failed to use reasonable efforts
 {¶ 13} "4. The trial court failed to adequately inquire as to appellants mental state where she testified that she was having `problems' during some of the court proceedings and heard voices."
 I. Effective Assistance of Counsel {¶ 14} A parent in a permanent custody proceeding, indeed any party in a juvenile proceeding, is entitled to the assistance of legal counsel. R.C. 2151.352, Juv.R. 4. Inherent in this is the right to have such assistance be effectively rendered. Jones v. Lucas Cty. Children Serv.Bd. (1988), 46 Ohio App.3d 85, 86. The test for effective assistance of counsel for a juvenile proceedings is the same as that employed in a criminal proceeding. Id.:
 {¶ 15} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v.Washington (1984), 466 U.S. 668, 687.
 {¶ 16} We have carefully reviewed the record of the proceedings in this matter and, like appointed counsel, fail to note any conduct which could arguably be characterized as deficient. Indeed, trial counsel appears to have zealously advanced appellant's cause. Accordingly, we must concur with appellate counsel that this potential assignment of error is without merit.
 II. Manifest Weight {¶ 17} In Ohio, parents who are suitable persons maintain a paramount right to custody of their minor children. Clark v. Bayer (1877),32 Ohio St. 299, 310; In re Perales (1977), 52 Ohio St.2d 89, 97; In reMurray (1990), 52 Ohio St.3d 155, 157. The state may not award permanent custody of a child to a non-parent without first finding that the child's natural parents are unsuitable. In re Perales, supra, syllabus.
 {¶ 18} Parental unfitness for a child who is not abandoned or orphaned requires a finding that the child, "* * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents." R.C. 2151.414(B)(1)(a). To enter such a finding, the court must conclude that the evidence presented clearly and convincingly discloses that the parent in question is unsuitable for one of the reasons articulated in R.C. 2151.414(E). In re William S. (1996),75 Ohio St.3d 95, 1996 Ohio 182, syllabus.
 {¶ 19} In a termination of parental rights proceeding, all of the court's findings must be supported by clear and convincing evidence. R.C. 2151.414(E). The court's decision to terminate parental rights will not be overturned as against the manifest weight of the evidence if the record contains competent, credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established.In re Forrest S. (1995), 102 Ohio App.3d 338, 345; Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 20} In this matter, the court found that appellant has failed to remedy the conditions which caused Terrence to be placed outside the home (R.C. 2151.414(E)(1)); that due to appellant's chronic mental illness and chemical dependence she is unable to now or within a year to provide an adequate home for Terrence (R.C. 2151.414(E)(2)); appellant demonstrated a lack of commitment by failing to communicate with the child when able to do so (R.C. 2151.414(E)(4)); and, appellant's loss of permanent custody of five children in Michigan for "substantially the same problems she continues to have" is an adequate equivalent of one of the R.C. 2151.414(E)(4)(1)-(15) factors, pursuant to R.C.2151.414(E)(16). If any of these findings is properly supported in evidence, the weight of the evidence sustains the court's disposition.
 {¶ 21} We need look no further than the court's first finding to determine this question. The initial 2003 complaint enumerated appellant's mental illness, chemical dependence and domestic violence as the reason Terrence was removed from the home. The evidence showed that four of five drug screens obtained from appellant immediately prior to the hearing in this matter tested positive for opiates and/or other illegal substances. Additionally, there was police testimony concerning multiple domestic violence calls to appellant's residence while this matter was pending. Consequently, there was evidence submitted by which the court could have properly found that appellant had failed to remedy the conditions that caused the child to be removed from the home.
 {¶ 22} As a result, we must concur with appellate counsel that the second potential assignment of error is without merit.
 III. Reasonable Effects {¶ 23} In the third potential assignment of error, appellant's counsel suggests that there might be a question about the court's finding that appellee used reasonable efforts to unify the family.
 {¶ 24} While it is true that once it moved for permanent custody, appellee stopped paying for services for appellant. Prior to that point, appellee afforded appellant comprehensive case planning and services. Moreover, even after the permanent custody motion, appellant obtained drug counseling, mental health services and other needs through other community based organizations. On this record, we cannot say that the trial court's reasonable efforts finding was unsupported. Accordingly, this potential assignment of error is without merit.
 IV. Appellant's Mental State {¶ 25} Finally, appellate counsel questions whether appellant's statement during the permanent custody hearing that in spite of her medication she continued to "hear voices" should have prompted inquiry by the court.
 {¶ 26} Again, the record belies this potential assignment of error. While appellant indeed stated that she occasionally had auditory hallucinations, the transcript of the permanent custody hearing reveals an individual who was fully engaged in her case without any indication of confusion or other impairment. Absent such indicia of impairment, we cannot say that the trial court erred in failing to further inquire as to what seems to be a random comment. Accordingly, we concur with appellate counsel that this potential assignment of error is without merit.
 {¶ 27} Upon our own independent review of the record, we find no other grounds for meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.
 {¶ 28} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Arlene Singer, J.
William J. Skow, J.
CONCUR.