[Cite as *In re C.S.*, 2017-Ohio-8664.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105700**

## IN RE: C.S.
## Minor Child

## [Appeal By F.S., Mother]

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 15916914

**BEFORE:**  E.A. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  November  22, 2017

**ATTORNEYS FOR APPELLANT**

John H. Lawson
The Brownhoist Building
4403 St. Clair Ave.
Cleveland, Ohio 44103

Mark A. Stanton
Cuyahoga County Public Defender
Sarah E. Gatti
Assistant Public Defender
9300 Quincy Ave.
Cleveland, Ohio 44106

F. S.
944 Rondel Road
Cleveland, Ohio 44110

**FOR F.S.**

Paul A. Daher & Associates
700 W. St. Clair Ave., Suite 218
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Cheryl Rice
        Anthony R. Beery
        Michelle A. Myers
Assistant Prosecuting Attorneys
3955 Euclid Avenue, 3rd Floor
Cleveland, Ohio 44115

**FOR CHILDREN**

Candace L. Brown
P.O. Box 286
Medina, Ohio 44258

EILEEN A. GALLAGHER, P.J.:

**{¶1}**  F.S. (referred to herein as "appellant"), the mother of C.S., filed an appeal from the juvenile court order awarding permanent custody of C.S. to the Cuyahoga County Department of Children and Family Services ("CCDCFS").   Appellant's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that following an examination of the record there are no meritorious grounds for appeal. After holding the motion in abeyance to give appellant an opportunity to file a pro se brief, and following our independent review, this court grants appointed counsel's motion to withdraw and we dismiss the appeal.

**Factual and Procedural Background**

**{¶2}** On December 7, 2015, several days after C.S. was born, CCDCFS filed a complaint alleging that C.S. was an abused and dependent child and asking the court to award temporary custody to the agency.   The trial court held a hearing on the matter of temporary custody and appellant denied the allegations of the complaint but agreed to stipulate to the motion for predispositional temporary custody.

**{¶3}** In March 2016, appellant stipulated to an amended complaint and admitted that she and C.S. had tested positive for marijuana at the time of C.S.'s birth, that she has a substance abuse problem that requires treatment, that she is in need of an updated mental health assessment, that she was transient and that she has three other children who are currently in the legal custody of relatives.

**{¶4}** On November 9, 2016, CCDCFS filed a motion to modify temporary custody

to permanent custody due to appellant's lack of progress on the case plan towards unification. The case proceeded to a trial on March 14, 2017, where the following testimony was elicited.

{¶5} Nathaniel Martin, the CCDCFS social worker assigned to the case, testified that paternity had never been established for C.S. Martin testified that appellant had a long history of substance abuse dating back to 2006. Appellant completed a drug and alcohol assessment in this case but failed to follow the treatment recommendation from the assessment. Appellant refused to comply with treatment because she did not feel she had an addiction and was removed from one treatment group for being disruptive. Appellant further refused Martin's request that she submit to a hair sample drug test because it would have been "dirty."

{¶6} Martin testified that appellant had been previously diagnosed with bipolar and mood disorder. Appellant completed a mental health assessment in this case and was diagnosed with situational depression due to grief, loss and situational homelessness. Individualized counseling was recommended but appellant never engaged. Appellant was prescribed medication but failed to refill the prescription.

{¶7} Martin testified that appellant has a history of transiency since 2012. During the pendency of this case, appellant lived at the home of a friend in Warrensville, Ohio. Appellant conceded that living with her friend was not a permanent housing situation and that she never set up a CCDCFS inspection visit of the home for that reason. Appellant testified that, at the time of trial, she was getting her finances in order so that she could

move into her own residence.

**{¶8}** Martin testified that from December 2015 until June 2016, appellant appeared for weekly visits with C.S. roughly three times a month. After June 2015, appellant "kind of disappeared," attending only one visit in July and then failing to appear for any visits until she appeared for one visit in November and two visits in December. Appellant had not appeared for any visits from December 29, 2016 through the date of trial, March 14, 2017.

**{¶9}** Martin testified that CCDCFS was unable to place C.S. with any of appellant's family members. Brown, C.S.'s guardian ad litem, testified that C.S. was doing well in foster care, was bonded to his fother mother and integrated into a family that was willing to adopt him. Both Brown and Martin testified that permanent custody was in C.S.'s best interests.

**Law and Analysis**

**I.** *Anders* **Standard and Potential Issues for Review**

**{¶10}** In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief and allow the client sufficient time to file his or her own brief. *Id.*

**{¶11}** Once the appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.*; Loc.App.R. 16(C). If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or we may proceed to a decision on the merits if state law so requires. *Anders*; Loc.App.R. 16(C).

**{¶12}** In this case, appointed counsel has not set forth potential assignments of error but instead set forth a detailed analysis of the record and the controlling case law and asserts:

> The undersigned has read the initial adjudicatory and dispositional hearing Transcript * * * and the permanent custody Trial Transcript * * * and reviewed all pertinent documents from the trial court's records, including motions, orders, and the Guardian ad litem's reports.
>
> * * *
>
> Based upon this review, the undersigned cannot discern any meritorious issues.
>
> * * *
>
> There is clear and convincing evidence presented at trial that [Appellant] has failed to remedy the issues which cause [sic] the removal of C.S. in December, 2015. [Appellant] has show[n] a lack of commitment toward C.S., and is unable to provide a home for the child. She has also lost custody of three (3) other children. The factual elements pursuant to R.C. 2151.414(E)(4) have been proven. (Mother's lack of commitment by clear and convincing evidence).
>
> Additionally, the evidence that the permanent custody decision is in the child's best interest pursuant to R.C. 2151.414(D) has also been proven by clear and convincing evidence.

Therefore, the undersigned submits this Anders Brief as no meritorious issues exist in the trial transcript and records.

{¶13} Although *Anders* arose in a criminal context, this court approved the application of the *Anders* procedure to an appeal from the juvenile court's denial of a motion for legal custody in *In re T.E.*, 8th Dist. Cuyahoga No. 104228, 2016-Ohio-5935. Other courts throughout the state have also determined that *Anders* is appropriate in appeals involving the termination of parental rights. *See In re S.G.*, 2d Dist. Greene No. 2009-CA-46, 2010-Ohio-2641; *In re D.M.*, 4th Dist. Hocking No. 14CA22, 2016-Ohio-1450; *In re J.K.*, 4th Dist. Athens No. 09CA20, 2009-Ohio-5391; *In re B.F.*, 5th Dist. Licking No. 2009-CA-007, 2009-Ohio-2978; *In re T.S.*, 6th Dist. Lucas No. L-15-1158, 2015-Ohio-4885; *In re Cuichta*, 7th Dist. Belmont No. 97 BA 5, 1999 Ohio App. LEXIS 1193 (Mar. 23, 1999); *In re K.D.*, 9th Dist. Wayne No. 06CA27, 2006-Ohio-4730; *Morris v. Lucas Cty. Children Servs. Bd.*, 49 Ohio App.3d 86, 86-87, 550 N.E.2d 980 (6th Dist.1989); *In re G.K.*, 12th Dist. Preble Nos. CA2015-01-006 and CA2015-02-007, 2015-Ohio-2581. *But see In re J.M.*, 1st Dist. Hamilton No. C-130643, 2013-Ohio-5896, ¶ 19 (reaching a contrary conclusion).

**II. Independent Review**

{¶14} "All children have the right, if possible, to parenting from either [biological] or adoptive parents which provides support, care, discipline, protection and motivation." *In re J.B.*, 8th Dist. Cuyahoga No. 98546, 2013-Ohio-1704, ¶ 66, quoting *In re Hitchcock*, 120 Ohio App.3d 88, 102, 696 N.E.2d 1090 (8th Dist.1996). Likewise, a "parent's right to raise a child is an essential and basic civil right." *In re N.B.*, 8th Dist. Cuyahoga No.

101390, 2015-Ohio-314, ¶ 67, quoting *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997). By terminating parental rights, the goal is to create "a more stable life" for dependent children and to "facilitate adoption to foster permanency for children." *In re N.B.* at ¶ 67, citing *In re Howard*, 5th Dist. Tuscarawas No. 85 A10-077, 1986 Ohio App. LEXIS 7860, 5 (Aug. 1, 1986). However, termination of parental rights is "the family law equivalent of the death penalty in a criminal case." *In re J.B.* at ¶ 66, quoting *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 14. It is, therefore, "an alternative [of] last resort." *In re Gill*, 8th Dist. Cuyahoga No. 79640, 2002-Ohio-3242, ¶ 21.

{¶15} In cases of abuse, neglect, and dependency, a trial court may enter a disposition of permanent custody of a child if the court determines by clear and convincing evidence that the child cannot or should not be placed with either parent within a reasonable period of time and that permanent custody is in the child's best interest. *See* R.C. 2151.353(A)(4) and 2151.414(D), (E).

{¶16} "Clear and convincing evidence" is that measure or degree of proof that is more than a "preponderance of the evidence," but does not rise to the level of certainty required by the "beyond a reasonable doubt" standard in criminal cases. *In re M.S.*, 8th Dist. Cuyahoga Nos. 101693 and 101694, 2015-Ohio-1028, ¶ 8, citing *In re Awkal*, 95 Ohio App.3d 309, 315, 642 N.E.2d 424 (8th Dist.1994), citing *Lansdowne v. Beacon Journal Publishing Co.*, 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979 (1987). It "produces in the mind of the trier of fact a firm belief or conviction as to the facts sought

to be established." *In re M.S.* at ¶ 18; *see also In re J.F.*, 11th Dist. Trumbull No. 2011-T-0078, 2011-Ohio-6695, ¶ 67 (a permanent custody decision "based on clear and convincing evidence requires overwhelming facts, not the mere calculation of future probabilities") (emphasis omitted), quoting *In re A.J.*, 11th Dist. Trumbull No. 2010-T-0041, 2010-Ohio-4553, ¶ 76. "An appellate court will not reverse a juvenile court's termination of parental rights and award of permanent custody to an agency if the judgment is supported by clear and convincing evidence." *In re Jacobs*, 11th Dist. Geauga No. 99-G-2231, 2000 Ohio App. LEXIS 3859, *11 (Aug. 25, 2000), citing *In re Taylor,* 11th Dist. Ashtabula No. 97-A-0046, 1999 Ohio App. LEXIS 2620 (June 11, 1999).

{¶17} The trial court's determination of whether the child cannot or should not be placed with either parent is guided by R.C. 2151.414(E). This section sets forth 16 factors that the trial court may consider in its determination. It provides that if the trial court finds by clear and convincing evidence that any of the 16 factors exists, the court must enter a finding that the child cannot or should not be placed with either parent within a reasonable period of time. *In re D.J.*, 8th Dist. Cuyahoga No. 88646, 2007-Ohio-1974, ¶ 64.

{¶18} In this instance, the trial court made the following findings pursuant to R.C. 2151.414(E)(1), (2), (3), (4) and (14):

> Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and

repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.

The mother has a chronic mental illness and or chemical dependency that is so serve [sic] that it makes the mother unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing in this matter.

Mother has neglected the child between the date of the original complaint was filed and the date of the filing of this motion by failure to regularly visit, communicate or support the child.

Mother had demonstrated a lack of commitment towards the child by failing to regularly support, visit, communicate with the child when able to do so and or by her other actions, has shown an unwillingness to provide an adequate permanent home to the child.

Mother is unwilling to provide stable housing for the child.

Mother is unwilling to provide food, clothing, shelter, and other necessitates [sic] for the child or to prevent the child from suffering emotional or mental neglect, as evidenced by their unwillingness to successfully complete a case plan so they can provide care for the child.

{¶19} The existence of one R.C. 2151.414(E) factor alone will support a finding that a child cannot be reunified with the parents within a reasonable time. *See In re William S.*, 75 Ohio St.3d 95, 99, 661 N.E.2d 738 (1996); *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 50. In this instance, the testimony set forth above plainly demonstrates that appellant failed to substantially remedy the conditions causing C.S. to be placed outside the home. Furthermore, the record clearly demonstrated a lack of commitment towards C.S. by appellant as evidenced by the significant gaps in appellant's visitations. The trial court's conclusion that C.S. cannot or should not be placed with appellant within a reasonable period of time was supported by clear and

convincing evidence in the record.

{¶20} The trial court also found that a grant of permanent custody was in the best interests of C.S. pursuant to the factors set forth in R.C. 2151.414(D). R.C. 2151.414(D)(1) directs that the trial court "shall consider all relevant factors," including, but not limited to, the following:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;
>
> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
>
> (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

R.C. 2151.414(D)(1).

{¶21} We review a trial court's determination of a child's best interest under R.C. 2151.414(D) for an abuse of discretion. *In re D.A.*, 8th Dist. Cuyahoga No. 95188, 2010-Ohio-5618, ¶ 47. An abuse of discretion is more than a mere error judgment; it implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). While a trial

court's discretion in a custody proceeding is broad, it is not absolute. "A trial court's failure to base its decision on a consideration of the best interests of the child constitutes an abuse of discretion." *In re N.B.*, 8th Dist. Cuyahoga No. 101390, 2015-Ohio-314, ¶ 60, citing *In re T.W.*, 8th Dist. Cuyahoga No. 85845, 2005-Ohio-5446, ¶ 27, citing *In re Adoption of Ridenour*, 61 Ohio St.3d 319, 574 N.E.2d 1055 (1991).

**{¶22}** We find no abuse of discretion in the trial court's conclusion that permanent custody is in the best interests of C.S. Both the social worker and the GAL testified that permanent custody was in C.S.'s best interests. The GAL detailed C.S.'s successful placement into a stable foster home wishing to adopt him. Conversely, the record detailed appellant's inability to provide a stable home for C.S.

**{¶23}** Accordingly, we agree that there is no merit to an appeal so we grant counsel's motion to withdraw and we dismiss this appeal.

**{¶24}** This appeal is dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR