[Cite as *In re D.M.*, 2020-Ohio-351.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| | JUDGES: |
| IN THE MATTER OF: | Hon. W. Scott Gwin, P. J. |
| | Hon. John W. Wise, J. |
| D. M., JR. | Hon. Earle E. Wise, Jr., J. |
| | |
| ADJUDGED NEGLECTED/ | Case No. 2019 AP 08 0034 |
| DEPENDENT CHILD | |
| | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Juvenile Division, Case No.
                                18JN00226


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         February 3, 2020


APPEARANCES:

For Appellant                   For Appellee Tuscarawas JFS

E. MARIE SEIBER                 NO APPEARANCE
6525 Walkers Lane SE
Uhrichsville, Ohio  44683

*Wise, John, J.*

{¶1} Appellant Krista N. appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, granting permanent custody of her son, D.M., Jr., to Appellee Tuscarawas County JFS, which has not filed a response brief herein. The relevant procedural facts leading to this appeal are as follows.[1]

{¶2} On July 11, 2018, Appellee filed a "complaint for neglect, dependency, and kinship custody with protective supervision to TCJFS" regarding this child and six siblings, the children of appellant.[2] Initial concerns included unstable living conditions, appellant's drug use (marijuana, methamphetamine, and "molly"), and appellant's mental health issues, although she had made arrangements herself to obtain caregivers for some of the children.

{¶3} On August 10, 2018, all seven children were found to be neglected and dependent, and they were ordered to remain in the temporary custody of various caregivers, with protective supervision to TCJFS. A case plan with a reunification objective was prepared by TCJFS.

{¶4} However, on May 8, 2019, TCJFS filed two motions to modify dispositions. In the first motion, the agency sought permanent custody as to three of the siblings, and in the second, legal custody to kinship caregivers as to four of the siblings.

{¶5} An evidentiary hearing was conducted before the trial court on July 11, 2019.

---

[1]  Appellant has failed to include or attach with her brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

[2]  The father of the seven children is not participating in the present appeal and had little or no involvement in the case plan below.

{¶6}   On August 2, 2019, the trial court issued a decision granting, *inter alia*, permanent custody of D.M., Jr. to TCJFS.

{¶7}   Appellant-mother filed a notice of appeal on August 30, 2019. Appellate counsel for mother thereafter filed a conditional motion to withdraw and a brief pursuant to *Anders v. California, infra*, asserting that the within appeal "has no merit." Counsel for appellant also therein raised one potential assigned error asking this Court to determine whether the trial court erred in modifying disposition of the child. She has therein asserted as follows:

{¶8}   "I.  THE TRIAL COURT'S DECISION WAS CONTRARY TO LAW."

{¶9}   Appellant was given an opportunity to file a *pro se* brief raising additional assignments of error, but she has not done so.[3]

*Anders Criteria and Applicability*

{¶10}  In *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted: (1) A showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellant's counsel; (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error; (4) a showing that appellant's counsel provided to the appellant a copy of said

---

[3]  This Court issued a judgment entry on October 16, 2019, notifying appellant that she could file a *pro se* brief in this matter. A review of the clerk's docket does not persuade us that service of said order on appellant was successful. However, appellant's counsel's brief before us reveals that notice was therein provided to appellant at her home address of her right to respond to this Court in writing. We therefore find proper notice exists to proceed with our *Anders* review.

brief; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a *pro se* brief raising any additional assignments of error appellant believes the appellate court should address. *See State v. Jennings*, 5th Dist. Richland No. 98CA24, 1999 WL 547919.

**{¶11}** Pursuant to *Anders,* if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Once the defendant's counsel satisfies the aforesaid requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶12}** We find appellate counsel in this matter has adequately followed the procedures required by *Anders v. California*, *supra*.

**{¶13}** However, we must note at this juncture that the present appeal, along with the additional six appeals concerning the child's siblings, do not stem from criminal cases, the usual arena for initiating *Anders* appeals.

**{¶14}** This Court has indeed held that the procedures set out in *Anders* are applicable to appeals involving the termination of parental rights. *In re B.F.,* 5th Dist. Licking No. 2009–CA–007, 2009–Ohio–2978, ¶¶ 2–3, citing *Morris v. Lucas County Children's Services Board,* 49 Ohio App.3d 86, 550 N.E.2d 980 (6th Dist.1989). *See, also*, *In re L.D.*, 5th Dist. Stark No. 2015CA00222, 2016-Ohio-3163, ¶ 15.

{¶15} But the Sixth District Court of Appeals, upon whom we relied in *B.F.*, *supra*, has now gone the other way on this issue and "expand[ed] [its] prohibition of *Anders* briefs to cases involving the termination of parental rights." *See In re B.H.*, 6th Dist. Lucas No. L-17-1126, 2018-Ohio-1238, ¶ 3. In addition, we note the Second District Court of Appeals has followed suit, concluding *inter alia* that "allowing *Anders* briefs can cause undue delay, contrary to the requirement to expedite cases involving termination of parental rights." *In re N.C.*, 2nd Dist. Montgomery No. 28105, 2019-Ohio-567, ¶ 88.

{¶16} Having reached this point in the proceedings in the seven cases of these siblings, some of which furthermore resulted only in legal custody, not permanent custody, we are inclined to herein complete our task under *Anders* in the interest of judicial economy.

{¶17} However, from this point forward, this panel will no longer accept *Anders* briefs for filing in cases involving permanent custody or dispositions of legal custody. *See In re N.C.* at ¶ 89. Furthermore, this Court will review the possibility of a change to its local appellate rules on this subject in the near future.

<u>Analysis</u>

I.

{¶18} Pursuant to R.C. 2151.414(B)(1)(a), a court may grant permanent custody of a child to a movant if the court determines by clear and convincing evidence that it is in the best interest of the child to grant permanent custody of the child to the agency and that "*** [t]he child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the

temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."

**{¶19}** In addition, pursuant to R.C. 2151.353(A)(3), if a child is adjudicated as abused, neglected, or dependent, a court upon disposition may "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. ***."

**{¶20}** R.C. 2151.353(F)(1) states: "The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years if the child does not have a developmental disability or physical impairment, the child attains the age of twenty-one years if the child has a developmental disability or physical impairment, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414 or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school. ***."

**{¶21}** Turning to the merits of appellant's counsel's aforesaid potential Assignment of Error, the trial court concluded that appellant has a total of ten children and "has not raised any of them." Judgment Entry, August 2, 2019, at 1. She continues to test positive for drugs, and she has failed to complete her case plan requirements. *Id.* at 2. The court also noted *inter alia* that her testimony at the July 11, 2019 hearing was at times "rambling" and profanity-laced. *Id.* The record before us includes the transcript of the July 11, 2019 hearing, during which the testimony was taken from Goodwill parenting supervisor Jennifer Fire, TCJFS case manager Jaime Grunder, and appellant herself. Tr. at 8-107.

**{¶22}** We find no merit in the proposed Assignment of Error, and it is hereby overruled. Furthermore, after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court as to this child.

**{¶23}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, John, J.
Gwin, P. J., and
Wise, Earle, J., concur.

JWW/d 0116