DECISION AND JUDGMENT
{¶ 1} Appellant, Michael C., appeals the September 5, 2008 judgment of the Lucas County Court of Common Pleas, Juvenile Division. In the judgment, the trial court awarded appellee, the Lucas County Children Services Board ("LCCS"), permanent custody of appellant's natural daughter, M.C. Kyra H., the natural mother of M.C., voluntarily agreed to termination of her parental rights and award of permanent custody of M.C. to LCCS. Appellant appeals the judgment to this court. *Page 2 
 {¶ 2} A parent's right to raise his or her children is a fundamental right. Troxel v. Granville (2000), 530 U.S. 57, 66; In re C.F.,113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 28. In such a case, the procedures announced in Anders v. California (1967), 386 U.S. 738, apply where appointed counsel concludes that an appeal is wholly without merit and seeks leave of court to withdraw as counsel on appeal. Morris v. Lucas CountyChildren Services Board (1989), 49 Ohio App.3d 86, 87.
 {¶ 3} Here, appellant's counsel has filed both an appellant's brief and a motion for leave to withdraw as counsel, under the procedure set forth in Anders. By affidavit, counsel states that he has made a review of the transcript of proceedings and record from the trial court and researched potential issues for appeal but has concluded that there are no arguable issues of merit for appeal. Accordingly, he seeks leave of court to withdraw as counsel for appellant. Counsel also states that he has mailed copies of the appellant's brief, the motion to withdraw, and his affidavit to appellant.
 {¶ 4} Under Anders v. California, court appointed appellate counsel must undertake a "conscientious examination" of the case and, if counsel determines an appeal will be "wholly frivolous," advise the court and seek permission to withdraw. Anders v. California at 744; State v.Duncan (1978), 57 Ohio App.2d 93. The motion is to be accompanied by an appellate brief "referring to anything in the record that might arguably support the appeal." Id. A copy of the brief is to be furnished to the appellant, who is permitted additional time to raise any points he chooses in his own brief. Id. *Page 3 
 {¶ 5} Once these requirements have been met, the appellate court is to conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. Id. Where the appellate court concludes the appeal is wholly frivolous, it may grant the motion to withdraw and dismiss the appeal. Id.
 {¶ 6} Counsel for appellant has identified one potential issue for appeal:
 {¶ 7} "A. The evidence presented at trial was insufficient to support a finding that continued, permanent removal of the child from their home was in her best interests."
 {¶ 8} M.C. was born in September 2001. At the time, appellant was incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio, serving a prison sentence imposed as a result of a conviction for felonious assault with a firearm. The offense concerned appellant's shooting of Kyra H's brother.
 {¶ 9} On May 31, 2006, while appellant remained incarcerated at Lucasville, LCCS filed a complaint in dependency, neglect, and abuse with respect to M.C. in the Lucas County Court of Common Pleas, Juvenile Division. Temporary custody of M.C. was awarded to LCCS after a shelter hearing on that date. Juvenile court appointed counsel for appellant. Appellant was also served with summons and a copy of the complaint.
 {¶ 10} The matter proceeded to an adjudicatory and dispositional hearing on August 10, 2006. M.C. was adjudicated a neglected child. Temporary custody was awarded to LCCS effective July 12, 2006, in a judgment entry filed on August 10, 2006. *Page 4 
In the judgment entry, the juvenile court determined that removal of the child from the family home was in the best interest of M.C.
 {¶ 11} Appellant was released from prison in March 2007. Temporary custody of M.C. remained with LCCS at that time. Although appellant initially attempted to pursue visitations with M.C, through LCCS, by July 2007, he had ceased visitations with her. The caseworker suspended visitations after repeated failures of appellant to appear for visitation.
 {¶ 12} M.C. has been diagnosed as suffering from the condition known as opposition defiance disorder. She was receiving therapy for the condition at Children's Safe Harbor at the time of the permanent custody hearing. Appellant testified that his visits with M.C. became difficult in 2007, because of her disruptive behavior. He was not offered therapy for M.C. to assist with their relationship. Appellant did not participate in planning for the child with LCCS.
 {¶ 13} Appellant was reincarcerated beginning in October 2007, and remained incarcerated through the date of the hearing on the motion to award permanent custody to LCCS. Appellant testified in August 2008, that the incarceration was due to a conviction for drug possession and that he was to remain in custody until November 2008.
 {¶ 14} The LCCS caseworker testified that financial support that appellant gave M.C. during the time he was not incarcerated was limited to money to purchase new tennis shoes and money for some "minimal needs." *Page 5 
 {¶ 15} On April 4, 2008, LCCS filed a motion with the Juvenile Division of the Lucas County Court of Common Pleas for an order awarding permanent custody of M.C. to LCCS pursuant R.C. 2151.413 and 2151.414. The court conducted a hearing on the motion on August 15, 2008. Appellant attended the hearing personally and was also represented by counsel.[1] The court also conducted an in camera interview of M.C. on August 19, 2008.
 {¶ 16} In a judgment entry filed September 5, 2008, the trial court held, by clear and convincing evidence, that M.C. could not and should not be reunified with either parent and that an award of permanent custody to LCCS was in the child's best interest. On appeal, appellant argues that the trial court judgment is not supported by sufficient evidence to support the conclusion that the award of permanent custody to LCCS and consequential termination of appellant's parental rights were in the child's best interest.
 Sufficiency of the Evidence {¶ 17} Historically, a challenge to a judgment based upon a claim of insufficiency of the evidence presents a question of law on whether the evidence at trial was legally adequate to support a verdict on all essential elements of the case. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In a civil context, the concepts of sufficiency of the evidence and manifest weight of the evidence have tended "to merge" under the Supreme Court of Ohio's analysis in C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279. State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 26. In civil cases, under *Page 6 
the C.E. Morris Co. standard "a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., quoting C.E. Morris Co. v. Foley Constr. Co. at syllabus.
 Required Proof for Permanent Award of Custody to LCCS {¶ 18} Where a public children services agency has filed a motion under R.C. 2151.413(A) for the court to award permanent custody of a child to the agency, the procedures to be followed in considering the motion and the findings of fact that must be made before granting it are those set forth under R.C. 2151.414. In re C.F., 113 Ohio St.3d 73,2007-Ohio-1104, ¶ 22; In re C. W., 104 Ohio St.3d 163, 2004-Ohio-6411, ¶ 9. R.C. 2151.414(B) mandates a two-part test. The agency must prove, by clear and convincing evidence, both that one of conditions listed in R.C. 2151.414(B)(1)(a) through (d) apply and that granting permanent custody to the agency is in the child's best interest. In re C.F.
at ¶ 22-27; In re C. W. at ¶ 9-13.
 {¶ 19} The Ohio Supreme Court defined the term "clear and convincing evidence" in Cross v. Ledford (1954), 161 Ohio St. 469
at paragraph three of the syllabus: "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
 {¶ 20} Here, the juvenile court determined that R.C. 2151.414(B)(1)(a) applied, finding that clear and convincing evidence demonstrated that M.C. cannot or should not *Page 7 
be placed with either of her parents within a reasonable period of time. R.C. 2151.414(E) directs a court to consider 16 different conditions listed in the statute in making such a determination. If a court finds that any one of the 16 listed conditions exists as to each of the child's parents, the court must make the finding that the child cannot or should not be returned to her parents within a reasonable time.In the Matter of Jordan M., 6th Dist. No. S-07-021, 2008-Ohio-1860, ¶ 5;In re: R.H., 8th Dist. No. 84051, 2004-Ohio-5734, ¶ 11.
 {¶ 21} The trial court based its conclusion that M.C. cannot or should not be returned to appellant within a reasonable time based upon a finding that the conditions outlined in R.C. 2151.414 (E)(13) and (4) existed. R.C. 2151.414(E)(13) provides:
 {¶ 22} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child."
 {¶ 23} The evidence in the trial court was that appellant was incarcerated at the time of M.C.'s birth in 2001 for shooting Kyra H.'s brother and remained in custody until he was released in March 2007. At the time appellant was first released from custody, M.C. was age five and in the temporary custody of LCCS as a neglected child.
 {¶ 24} Appellant remained free from custody from March 2007 until he was reincarcerated in October 2007. He remained incarcerated from October 2007, until after the motion hearing in August 2008. Appellant testified at the hearing that his incarceration would end in November 2008. Accordingly, during M.C.'s lifetime and *Page 8 
prior to the motion hearing, appellant was free from incarceration only for the period from March until October 2007.
 {¶ 25} The trial court found that appellant's "repeated incarcerations prevented him for providing care for his child." M.C. has never resided with appellant. Appellant has not participated in planning for M.C. with LCCS. He has provided limited financial support.
 {¶ 26} R.C. 2151.414(E)(4) provides:
 {¶ 27} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;"
 {¶ 28} The trial court also found that appellant demonstrated a lack of commitment to M.C. as provided in R.C. 2151.414 (E)(4) by committing another criminal offense that resulted in his further incarceration, making him unavailable to provide for M.C.
 {¶ 29} After a review of the record, we conclude that there is competent credible evidence in the record to establish by clear and convincing evidence the existence of conditions R.C. 2151.414(E)(13) and (4) and the trial court's conclusion that M.C. could not and should not be returned to Michael C. within a reasonable time.
 {¶ 30} The second part of the two-part test is consideration of the best interest of the child. In considering whether an award of permanent custody to a public children *Page 9 
services agency is in the best interest of a child, R.C. 2151.414(D) directs a court to "* * * consider all relevant factors, including but not limited to, the following:
 {¶ 31} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 32} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 33} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 34} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 35} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 36} In its judgment entry, the trial court stated that it had considered the statutory factors under R.C. 2151.414(D) and determined by clear and convincing evidence that permanent placement of M.C. with LCCS was in the best interest of the child. The court noted that M.C. had been removed from her home more than two years earlier and that she needed a permanent home. The court concluded that M.C. could not *Page 10 
be reunified with either parent. The court noted that M.C. had been identified as a child with special needs and was receiving counseling, and needed such services on a consistent basis.
 {¶ 37} At the time of the permanent custody hearing, M.C. was living with her great aunt. This was a recent placement. The placement allowed both M.C. and her brother to remain together as the great aunt indicated she would care for them both. M.C. had been previously placed with the great aunt from January to May 2006.
 {¶ 38} The guardian ad litem testified that she agreed with awarding permanent custody with LCCS, even if placement with the great aunt should ultimately not work out. The guardian ad litem also testified that M.C. had always said that she would like to be with her mother but that M.C. is very comfortable with her great aunt. The guardian ad litem also testified that the great aunt had expressed an interest in adopting M.C.
 {¶ 39} In our view, there is competent credible evidence in the record supporting the trial court's conclusion, by clear and convincing evidence, that an award of permanent custody of M.C. to LCCS was in the child's best interest under R.C. 2151.414(D). We find that appellant's proposed issue for review is without merit.
 {¶ 40} We have also conducted our own independent review of the record and proceedings in the trial court and conclude that appellant's appeal is wholly frivolous and without merit. Counsel for appellant has met his responsibilities under Anders. We, therefore, grant his motion to withdraw. *Page 11 
 {¶ 41} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., William J. Skow, P.J., CONCUR.
[1] Arrangements were made by the trial court to permit his attendance. Appellant was an inmate at the Lebanon Correctional Institution at the time of the hearing. *Page 1