[Cite as *In re K.J.*, 2012-Ohio-5237.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

K.J.

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. CT2012-0037


O P I N I O N


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Juvenile Division, Case No.
                                21130197

JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         November 7, 2012


APPEARANCES:

For Appellant Mother

BRIAN W. BENBOW
604 Market Street
Zanesville, Ohio  43701

For Appellee Children's Services

MOLLY MARTIN
ASSISTANT PROSECUTOR
22 North Fifth Street
Zanesville, Ohio  43701

Guardian ad Litem

JEANETTE M. MOLL
803B Market Street
Zanesville, Ohio  43701

*Wise, J.*

{¶1}    Appellant-Mother Heidi Schrack appeals from the May 9, 2012, judgment of the Muskingum County Court of Common Pleas, Juvenile Division, finding her child K.J. to be an abused, neglected, and dependent child and granting permanent custody of the child to Appellee Muskingum County Children Services.

STATEMENT OF THE FACTS AND CASE

{¶2}    On December 18, 2011, Appellee Muskingum County Children's Services (MCCS) filed a complaint for permanent custody of K.J., born December 18, 2011. Mother of the child is Appellant, Heidi Schrack; father is Raymond Johnson.

{¶3}    MCCS filed a complaint because KJ tested positive for cocaine at birth.

{¶4}    Appellant-mother failed to be present at the permanent custody trial held on March 6, 2012.

{¶5}    The following facts were adduced from the record of the dispositional hearing held on March 6, 2012.

{¶6}    Appellant-mother has had three prior children permanently removed from her custody. (T. at 7). Appellant admitted to using cocaine throughout her pregnancy and as close as five days prior to K.J.'s birth. (*Id.*). K.J. tested positive for cocaine at birth. (T. at 5-6). Appellant failed to complete an inpatient drug rehabilitation program. (T. at 7, 14). Appellant-mother failed to maintain regular visitation with the child. (T. at 18). Appellant-mother used drugs on a previous visit at Children's Services. (T. at 18). The Guardian Ad Litem recommended permanent custody be granted to the agency. (T. at 20).

{¶7}   By decision filed May 9, 2012, the trial court terminated parental rights and granted permanent custody of the child to appellee.

{¶8}   Appellant did not file objections to the decision.

{¶9}   Counsel for Appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing denied (1967), 388 U.S. 924, indicating that the within appeal is wholly frivolous and setting forth one proposed assignment of error.   Appellant did not file a pro se brief alleging any additional assignments of error.

{¶10}   Counsel raises the following proposed Assignments of Error:

<u>ASSIGNMENTS OF ERROR</u>

{¶11}   "I. THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILDREN'S (SIC) BEST INTEREST WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY TO MUSKINGUM COUNTY CHILDREN'S SERVICES WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶12}   "II. MOTHER/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L. ED.2D 674, 104 S. CT. 2052."

{¶13}   The *Anders* court established five criteria which must be met before a motion to withdraw by appellate counsel may be granted.  The five criteria are: (1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw by appellant's counsel was filed; (3) the existence of a brief by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a

showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the court should address. *Anders* at 744. The *Anders* court further explained the following at 744:

> [T]he court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

{¶14} Attorney Benbow complied with the procedures set forth in *Anders.* To date, his client has not filed a pro se brief.

{¶15} We note in *In the Matter of Diamond S.,* Guernsey App. No. 03-CA-24, 2004-Ohio-611, this Court extended the principles of *Anders* to cases involving the termination of parental rights.

{¶16} We will now address the merits of Appellant's proposed Assignment of Error.

I.

{¶17} Appellant argues the trial court's decision on best interests is against the manifest weight and sufficiency of the evidence. We disagree.

{¶18} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶19} Furthermore, it is well-established " '[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.' " *In re Mauzy Children* (November 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316.

{¶20} R.C. §2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus. Said statute states the following:

{¶21} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is

in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

**{¶22}** "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, *** and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

**{¶23}** "(b) The child is abandoned.

**{¶24}** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

**{¶25}** "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ***."

**{¶26}** R.C. §2151.414(D)(1) sets out the factors relevant to determining the best interests of the child.  Said section states relevant factors include, but are not limited to, the following:

**{¶27}** "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

**{¶28}** "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

**{¶29}** "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private

child placing agencies for twelve or more months of a consecutive twenty-two-month period ***;

**{¶30}** "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

**{¶31}** "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

**{¶32}** In its decision filed May 9, 2012, the trial court found the following in pertinent part:

**{¶33}** "THE COURT FINDS By Clear and Convincing Evidence as Follows:

**{¶34}** "1. The minor child is found to be Abused, Neglected and Dependent pursuant to Ohio Revised Code Sections 2151,031(D); 2151.03(A)(2); and 2151.04(13), (C), and (D).

**{¶35}** "2. Pursuant to Ohio Revised Code Section(s) 2151.414(B)(1) and (E), the minor child cannot be placed with either parent within a reasonable time

**{¶36}** "a. The mother has failed to make progress on her case plan over the last three months.

**{¶37}** "b. Mother and minor child both tested positive for cocaine at the time of the child's birth. Mother has not attempted substance abuse treatment.

**{¶38}** "c. Mother has demonstrated a lack of parental commitment by failing to regularly visit the Child.

**{¶39}** "d. The child is likely to suffer from neglect or abuse in the future if returned to the Mother, based upon her failure to correct the problems underlying the need for removal.

**{¶40}** "e. The mother has previously had other children permanently removed from her custody.

**{¶41}** "3. Pursuant to Ohio Revised Code Section(s) 2151.414(B)(1) and (ID), it is in the Best Interest of the minor child that Permanent Custody be awarded to Muskingum County Children Services based upon the following factors that the Court finds upon a review of the evidence:

**{¶42}** "a. The minor child has been in the Temporary Custody of MCCS from shortly after birth through the date of the instant Entry. The child has been placed with the same foster family since his release from the hospital shortly after birth.

**{¶43}** "b. The minor child is too young to express his wish(es) to the Guardian ad litem. At the time of the hearing, the child was almost three months old,

**{¶44}** "c. The minor child does not have a bond to his mother or any other biological relatives.

**{¶45}** "d. No relatives are available for placement.

**{¶46}** "e. The minor child is doing very well in his foster placement. His foster family wants to adopt.

**{¶47}** "f. The child has bonded with his foster family.

**{¶48}** "g. The minor child needs a legally secure permanent placement, which cannot be achieved without a grant of permanent custody to Muskingum County

Children Services, the Court finding that it is unlikely that either parent will ever be able to provide a legally secure placement.

{¶49} "The Court makes Findings regarding reasonable efforts to prevent the need for removal and making it possible for the child to return home, with regard to the services provided to prevent or eliminate the removal of the child from the home, and why these services did not prevent the removal of the child from the home or enable the child to return home. The Court determines that pursuant to the Ohio Revised Code Section 2151.419, reasonable efforts were made to prevent the need for placement, and to make it possible for the child to return home. Relevant services provided in this matter include, but are not limited to the following: prior and ongoing case management, attempted case plan services, foster placement, resource and referrals."

{¶50} The guardian ad litem, Jeanette Moll, filed a report wherein she opined the best interests of the child would best be served with granting permanent custody to Appellee.

{¶51} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal challenging the trial court's decision on best interests of the child.

{¶52} The proposed Assignment of Error is denied.

**II.**

{¶53} In the Second Proposed Assignment of Error, Appellant argues that she was denied the effective assistance of counsel. We disagree.

{¶54} Although this is not a criminal case, the Supreme Court of Ohio has characterized the termination of parental rights as the "death penalty" of parenting.

Because of this characterization, this district has adopted the "criminal" standard to ineffective assistance of counsel arguments in permanent custody actions. *In re Fell,* Guernsey App. No. 05 CA 8, 2005–Ohio–5790; *In re Utt Children,* Stark App.No. 2003CA00196, 2003–Ohio–4576.

**{¶55}** The standard is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

**{¶56}** "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 20.0.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

**{¶57}** "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

**{¶58}** This Court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388.

**{¶59}** We note Appellant's counsel was diligent in cross-examination and in making objections.

**{¶60}** After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an ineffective assistance of counsel argument.

**{¶61}** The proposed Assignment of Error is denied.

**{¶62}** Based on the foregoing, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the trial court's judgment.

**{¶63}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 1011

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                    :            JUDGMENT ENTRY
                                     :
        K.J.                         :            Case No. CT2012-0037


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is affirmed.

        Costs assessed to Appellant.


                                        _____

                                        _____

                                        _____

                                                    JUDGES