[Cite as *In re K.J.*, 2014-Ohio-2132.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

K.J.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. W. Scott Gwin, J.
Hon. Craig R. Baldwin, J.

Case No. CT2014-004

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court
of Common Pleas, Juvenile Court,
Case No. 21330214

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 12, 2014

APPEARANCES:

For Appellant - Mother

BRIAN W. BENBOW
Benbow Law Offices
605 Market Street
Zanesville, Ohio 43701

For Appellee -
Muskingum County Children's Services

MARIA KALIS
Assistant Prosecuting Attorney
22 North Fifth Street
Zanesville, Ohio 43701

For Father

THOMAS THOMAS SCHMIDT
172 Granville Street
Gahanna, Ohio 43230

Guardian Ad Litem

JEANETTE M. MOLL
803B Market Street
Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶1} Appellant Heidi Schrack ("Mother") appeals the December 20, 2013 Judgment Entry entered by the Muskingum County Court of Common Pleas, Juvenile Division, which approved and adopted the magistrate's decision from the same day, recommending Mother's parental rights, privileges, and responsibilities with respect to her minor child be terminated as well as recommending permanent custody of the child be granted to Appellee Muskingum County Children's Services ("the Agency").

STATEMENT OF THE FACTS AND CASE

{¶2} On October 1, 2013, the Agency was contacted regarding Mother giving birth to a baby girl, K.J., on September 30, 2013. At the time of the birth, Mother had tested positive for cocaine. Within one hour of K.J.'s birth, Mother left the hospital against medical advice. The Agency invoked Juv. R. 6 custody.

{¶3} Mother did not appear at the permanent custody hearing on December 18, 2013.

{¶4} Mother has had four other children permanently removed from her custody. Mother admitted to using cocaine throughout her pregnancy. Mother did not engage in any case plan services and rarely visited the child. The Guardian Ad Litem recommended permanent custody be granted to the Agency.

{¶5} Via Judgment Entry filed December 20, 2013, the trial court approved and adopted the magistrate's decision, terminated Mother's parental rights, and granted permanent custody of the child to the Agency.

**{¶6}** Brian Benbow, Appellant's appellate counsel, has submitted a request to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting there are no meritorious issues for appeal.

**{¶7}** In his *Anders* brief, Attorney Benbow states he has conducted a thorough review of the record and researched the possible appellate issues raised in the case. Attorney Benbow reached the conclusion there exists no meritorious issues for appeal. He served a copy of the brief on Mother, who has not filed a pro se brief or any other response. This appeal is the third time the attorney has been assigned to appeal a permanent custody decision involving Mother.

**{¶8}** Attorney Benbow sets forth two potential assignments of error for this Court's review:

**{¶9}** "I. THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILDREN'S [SIC] BEST INTEREST WOULD BE SERVED BY GRANTING PERMANENT CUSTODY TO MUSKINGUM COUNTY CHILDREN'S SERVICES WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

**{¶10}** "II. MOTHER/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

**{¶11}** This case is an expedited appeal, and this Court should enter judgment within 30 days of submission of the briefs, or of the oral argument, whichever is later, unless compelling reasons in the interest of justice require a longer time. App. R. 11.2(C)(5).

I

{¶12} In the first proposed assignment of error, Mother contends the trial court's finding an award of permanent custody was in the best interest of the child was against the manifest weight and sufficiency of the evidence.

{¶13} In *Anders,* the United States Supreme Court held if a counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. The request must be accompanied by a brief identifying anything in the record that could arguably support an appeal. Counsel must furnish his client with a copy of the brief and request the court to allow the client sufficient time to raise any matter that he or she chooses. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings to determine if the appeal is indeed frivolous. If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law requires.

{¶14} The procedures set out in *Anders,* supra are applicable to appeals involving the termination of parental rights. *Morris v. Lucas County Children's Services Board* (1989), 49 Ohio App.3d 86, 550 N.E.2d 980.

{¶15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* Stark App. No. CA5758 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of

the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶16} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶17} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶18} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of

the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶19} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶20} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶21} In its decision filed May 9, 2012, the trial court found the following in pertinent part:

{¶22} THE COURT FINDS By Clear and Convincing Evidence as Follows:

{¶23} "1. [K.J.] is found to be an abused, neglected and dependent child pursuant to Sections(s) 2151.03(A)(2), 2151.031(D); and 2151.04(C) & (D) of the Ohio Revised Code.

{¶24} "* * *

**{¶25}** "2. Pursuant to Ohio Revised Code Section(s) 2151.414(B)(1) and (E), the minor child cannot be placed with either parent within a reasonable time, and should not be placed with either parent.

**{¶26}** "a. The mother [has] failed to make any progress on [her] case over the last three months.

**{¶27}** "b. Mother [has] demonstrated a lack of commitment by failing to regularly visit the child.

**{¶28}** "c. Mothers [sic] chronic chemical dependency is so severe that it makes her unable to provide an adequate permanent home for the child at the present time. (R.C. 2151.414(E)(2))

**{¶29}** "* * *

**{¶30}** "e. The mother [is] repeatedly incarcerated, and repeated incarcerations prevent [her] from providing care for the child. (R.C.2151.414(E)(13))

**{¶31}** "f. The mother has had other children permanently removed. (R.C. 2151.414(E)(11))

**{¶32}** "* * *

**{¶33}** "3. Pursuant to Ohio Revised Code Sections(s) 2151.414(B)(1) and (D), it is in the Best Interest of the minor child that Permanent Custody be awarded to Muskingum County Children Services based upon the following factors that the Court finds upon a review of the evidence:

**{¶34}** "h. The minor child has been in the Temporary Custody of MCCS since October 2, 2013.

**{¶35}** "* * *

**{¶36}** "l. The child has bonded with the foster family and the child's siblings in the foster home, and the foster family is wanting to adopt.

**{¶37}** "m. The minor child needs a legally secure permanent placement, which cannot be achieved without a granting of permanent custody to Muskingum County Children Services the Court finding that it is unlikely that either parent will ever be able to provide a legally secure placement.

**{¶38}** "The Court makes Findings regarding reasonable efforts to prevent the need for removal and making it possible for the child to return home, with regard to the services provided to prevent or eliminate the removal of the child from the home, and why these services did not prevent the removal of the child from the home or enable the child to return home. The Court determines that pursuant to the Ohio Revised Code Section 21451.419, reasonable efforts were made to prevent the need for placement, and to make it possible for the child to return home. Relevant services provided in this matter include, but are not limited to the following: Extensive prior and ongoing case management, attempted case plan services, foster placement, resource and referrals."

**{¶39}** The guardian ad litem, Jeanette Moll, filed a report wherein she opined the best interests of the child would be served by granting permanent custody to the Agency.

**{¶40}** After independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal challenging the trial court's decision on best interests of the child.

**{¶41}** The proposed Assignment of Error is denied.

II

**{¶42}** Although this is not a criminal case, the Supreme Court of Ohio has characterized the termination of parental rights as the "death penalty" of parenting. Because of this characterization, this district has adopted the "criminal" standard to ineffective assistance of counsel arguments in permanent custody actions. *In re Fell,* Guernsey App. No. 05 CA 8, 2005–Ohio–5790; *In re Utt Children,* Stark App.No.2003CA00196, 2003–Ohio–4576.

**{¶43}** The standard is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768.  Appellant must establish the following:

**{¶44}** Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *(State v. Lytle* [1976], 48 Ohio St.2d 391, 20.0.3d 495, 48 Ohio St.2d 391, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

**{¶45}** To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

**{¶46}** This Court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388, 513 N.E.2d 754.

**{¶47}** We note Appellant's counsel was diligent in her representation of Mother despite Mother's unwillingness to assist in her defense prior to and during the hearing.

**{¶48}** After independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an ineffective assistance of counsel argument.

**{¶49}** The proposed Assignment of Error is denied.

**{¶50}** Based on the foregoing, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the trial court's judgment.

**{¶51}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby affirmed.

By: Hoffman, P.J.

Gwin, J. and

Baldwin, J. concur