[Cite as *In re J.L.*, 2014-Ohio-2684.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| IN THE MATTER OF: J.L. AND H.H. | : | JUDGES: |
|---|---|---|
| | : | |
| | : | Hon. John W. Wise, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. CT2014-0010 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Court of Common Pleas, Juvenile
                            Division, Cases No. 21230136 and
                            21230137



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           June 11, 2014



APPEARANCES:

For Plaintiff-Appellant, J.S.          For Defendant-Appellee

R. SCOTT PATTERSON                     MOLLY L. MARTIN
2609 Bell St.                          Assistant Prosecuting Attorney
Zanesville, OH 43701                   Muskingum County Children's
                                       Services
Guardian Ad Litem                      22 North Fifth Street
VINCENT C. RUSSO                       Zanesville, OH 43701
44 So. 6th Street
P.O. Box 970
Zanesville, OH 43702

*Baldwin, J.*

{¶1}    Appellant J.S. appeals a judgment of the Muskingum County Common Pleas Court, Juvenile Division, awarding appellee Muskingum County Children's Services permanent custody of her two children, J.L. and H.H.

STATEMENT OF FACTS AND CASE

{¶2}    Appellant is the natural mother of J.L., born November 1, 2010, and H.H., born September 15, 2011.  On October 12, 2012, a complaint was filed by appellee alleging that the children were abused, neglected and dependent children.  They were placed in the shelter care of appellee, and were adjudicated neglected and dependent on January 9, 2013.

{¶3}    Appellant was given a case plan in November of 2012.  Her objectives included addressing substance abuse concerns, parenting skills, mental health issues, obtaining housing, and securing legal employment.  Mother failed to make substantial progress on her case plan and a motion for permanent custody of the children was filed on September 4, 2013.

{¶4}    At the hearing, Laine Davis, the ongoing caseworker for appellee, testified that appellee had involvement with appellant for two years prior to the filing of the complaint in 2012.  The instant complaint was precipitated by an alleged incident of domestic violence between appellant and her own mother, for which appellant was arrested.  Zanesville police took the children into custody at the time of appellant's arrest.  Appellant admitted at the time to an earlier arrest for prostitution.   Ms. Davis testified that appellant did not complete any aspect of the case plan.

{¶5}    Appellant attended an assessment at Muskingum Behavioral Health, but was unsuccessfully discharged from the program.  She scheduled two appointments for a psychological evaluation but failed to appear for either appointment.  A counselor from Six County testified that appellant had received medication and counseling services through Six County since 1996.  Most recently she attended an assessment in 2012 in which she was diagnosed with Bipolar I, polysubstance dependency, and borderline personality disorder.  She was to attend counseling and intensive therapy and take prescribed medications.  Appellant failed to appear for two medication appointments and was discharged.

{¶6}    As to substance abuse counseling, appellant completed an assessment at Muskingum Behavioral Health but was discharged for lack of compliance.  She tested positive for marijuana and benzodiazepines, and admitted to using heroin.  Appellant told her caseworker that she did not intend to stop using marijuana.

{¶7}    Appellant attended five of seven sessions of her anger management group and was terminated for non-compliance.  She did not begin parenting classes.

{¶8}    Appellant attended 59 of 95 available visits with the children.  Restrictions were placed on the visits due to threats both appellant and her boyfriend made toward caseworkers.  Appellant was arrested on an outstanding warrant at her last visit with the children.

{¶9}    Appellant did not obtain independent housing or income, and resided with her boyfriend.  He was added to the case plan in February of 2013, and removed in July of 2013 after an incident of domestic violence between him and appellant.  Appellant's boyfriend did not complete any aspect of his case plan, and was heard by Ms. Davis

making statements about shooting caseworkers in the lobby of the courthouse on the morning of the permanent custody hearing.

{¶10} The children were placed in separate foster homes due to behavior problems between them when placed together. H.H. was thriving in her foster home, which was an adoptive placement. Although J.L. was in a non-adoptive foster placement, an adoptive placement was available for him.

{¶11} The trial court found that the children could not be placed with appellant within a reasonable time, and that permanent custody was in the best interest of the children.

{¶12} R. Scott Patterson, appellant's appellate counsel, has submitted a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious issues for appeal. He served a copy of the brief on appellant, who has not filed a pro se brief or any other response.

{¶13} Attorney Patterson sets forth two potential assignments of error for this Court's review:

{¶14} "I. THE TRIAL COURT'S JUDGMENT THAT GROUNDS EXISTED JUSTIFYING AN AWARD OF PERMANENT CUSTODY TO MCCS WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶15} "II. THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILDREN'S BEST INTEREST WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY TO MUSKINGUM COUNTY CHILDREN'S SERVICES WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶16} In *Anders, supra*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. The request must be accompanied by a brief identifying anything in the record that could arguably support an appeal. Counsel must furnish his client with a copy of the brief and request the court to allow the client sufficient time to raise any matter that he or she chooses. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings to determine if the appeal is indeed frivolous. If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law requires.

{¶17} The procedures set out in *Anders* are applicable to appeals involving the termination of parental rights. *Morris v. Lucas County Children's Services Board*, 49 Ohio App.3d 86, 550 N.E.2d 980 (1989). See also *In the Matter of K.J.*, 5th Dist. Muskingum No. CT2014-004, 2014-Ohio-2132; *In the Matter of K.J.,* 5th Dist. Muskingum No. CT2012-0037, 2012-Ohio-5237.

I.

{¶18} In the first proposed assignment of error, appellant argues that the trial court's finding that the children could not be placed with her within a reasonable time is against the manifest weight of the evidence.

{¶19} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in

the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613(1985).

{¶20}  In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); See also, *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578(1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶21}  Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland*,10 Ohio St.3d 77, 80, 461 N.E.2d 1273(1984):

{¶22}  "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶23} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997).

{¶24} Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

{¶25} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents."

{¶26} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

{¶27} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the

conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶28}   "(16) Any other factors the court considers relevant."

{¶29}   Appellee presented evidence at trial that appellant failed to complete any aspect of her case plan.  Laine Davis, the ongoing caseworker for appellee, testified that appellee had involvement with appellant for two years prior to the filing of the complaint in 2012.  The complaint was precipitated by an alleged incident of domestic violence between appellant and her own mother, for which appellant was arrested. Zanesville police took the children into custody at the time of appellant's arrest. Appellant admitted at the time to an earlier arrest for prostitution.

{¶30}   Appellant attended an assessment at Muskingum Behavioral Health, but was unsuccessfully discharged from the program.  She scheduled two appointments for a psychological evaluation but failed to appear for either appointment.  A counselor from Six County testified that appellant had received medication and counseling services through Six County since 1996.  Most recently she attended an assessment in 2012 in which she was diagnosed with Bipolar I, polysubstance dependency, and borderline personality disorder.  She was to attend counseling and intensive therapy, and take prescribed medications.  Appellant failed to appear for two medication appointments and was discharged.

{¶31}   As to substance abuse counseling, appellant completed an assessment at Muskingum Behavioral Health but was discharged for lack of compliance.  She tested positive for marijuana and benzodiazepines, and admitted to using heroin.  Appellant told her caseworker that she did not intend to stop using marijuana.

{¶32}   Appellant attended five of seven sessions of her anger management group and was terminated for non-compliance.  She did not begin parenting classes.

{¶33}   Appellant attended 59 of 95 available visits with the children.  Restrictions were placed on the visits due to threats both appellant and her boyfriend made toward caseworkers.  Appellant was arrested on an outstanding warrant at her last visit with the children.

{¶34}   Appellant did not obtain independent housing or income, and resided with her boyfriend.  He was added to the case plan in February of 2013, and removed in July of 2013 after an incident of domestic violence between him and appellant.   Appellant's boyfriend did not complete any aspect of his case plan, and was heard by Ms. Davis making statements about shooting caseworkers in the lobby of the courthouse on the morning of the permanent custody hearing.

{¶35}   The court's finding that the children could not be placed with appellant within a reasonable period of time was not against the manifest weight or sufficiency of the evidence.  The first proposed assignment of error is overruled.

II.

{¶36}   Appellant argues that the court's finding that permanent custody was in the best interest of the children is also against the manifest weight of the evidence.

{¶37}   In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶38}   There was evidence that the children were bonded to appellant.  However, the children had been in the temporary custody of appellee since October 11, 2012. Both children were under the age of two at this time.  The children did not have a relationship with any other relatives.  H.H. was thriving in her foster placement, and this was an adoptive placement.  J.L. was in a non-adoptive foster placement, but an adoptive placement was available for him.  The court found that the children need a secure permanent placement, and it is unlikely that the parents would ever be able to provide a secure placement.

{¶39}   The court's finding that permanent custody was in the best interest of the children was not against the manifest weight of the evidence.  The second proposed assignment of error is overruled.

{¶40} Based on the foregoing, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the trial court's judgment. Costs are assessed to appellant.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.